UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MORGAN PRESNELL, TDOC#210482 ) | |
| ) | |
| v. ) | NO. 2:07-CV-77 |
| ) | |
| OFFICER BOWMAN, MALE GUARD ) | |
| WORKING on AUG. 11ᵀᴴ in BOOKING, ) | |
| JAMES LAW, Timekeeper, and ) | |
| WCDC FACILITY ) | |

## **MEMORANDUM and ORDER**

Morgan Presnell, a state prisoner confined in the Washington County Detention Center, has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee

of $350.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined and to George Little, Commissioner of the Tennessee Department of Correction.

The Court must now screen the complaint and, if it is frivolous or malicious, fails to state a claim, or names defendants who are immune, it must be dismissed. 28 U.S.C. § 1915A and § 1915(e).

In his complaint, plaintiff alleges that defendant Officer Bowman and the male guard who was working with her in booking on August 11, 2006, refused to permit him take with him correspondence from this Court and his Bible when he was transferred to a state prison. The Court cannot say that these allegations fall within any of the above categories so as to trigger dismissal of the complaint. These claims will be allowed to proceed.

Plaintiff also maintains that defendant James Laws, the time keeper, has

---

[1] Send the payments to:
        Clerk, USDC
        220 West Depot Street, Suite 200
        Greeneville, TN 37743

deducted time plaintiff served for two misdemeanor offenses and added it to the time he served in prison pursuant to a felony sentence. According to plaintiff, this is illegal. Moreover, plaintiff is being wrongfully confined for a violation of probation.

Plaintiff's allegations regarding his time calculation and illegal detention relate directly to the fact and duration of his physical confinement, and thus his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Given the liberal standard of review for *pro se* complaints, this Court could convert the plaintiff's § 1983 complaint to a habeas petition. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas petition which is not supplied in a § 1983 complaint. *See* Rules Governing Section 2254 Cases. Also, a petitioner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in the complaint that this exhaustion requirement has been met.

Therefore, these claims are **DISMISSED** without prejudice to plaintiff's right to assert them in a habeas corpus case, after exhaustion has occurred. Because these claims are the only ones asserted against James Law, he is **DISMISSED** as a defendant in this lawsuit.

Plaintiff has named WCDC Facility as the fourth defendant. However, the Washington County Detention Center is a building and not a "person" within the meaning of § 1983 who is subject to suit. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, **1 (6th Cir. May 1, 1997). WCDC is likewise DISMISSED as a defendant in this lawsuit.

However, because plaintiff has stated a colorable claim against defendant Officer Bowman, the Clerk is **DIRECTED** to send him a service packet.[2] (The packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant. Defendant is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within

---

[2] The defendant named "Male Guard Working on Aug. 11th in Booking" must be more specifically identified to be served. If and when this happens, the Court will direct the Clerk to send plaintiff a service packet for this defendant.

ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

                                                                                   s/J. RONNIE GREER
                                                    UNITED STATES DISTRICT JUDGE