UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


MORGAN PRESNELL, TDOC#210482    )
                                )
v.                              )        NO. 2:07-CV-77
                                )
OFFICER BOWMAN, *et al.*        )


**MEMORANDUM & ORDER**
&
**ORDER OF DEFICIENCY**


   This is a state prisoner's *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff did not file a timely Pretrial Narrative Statement, and his suit was dismissed by prior order for failure to prosecute. [Doc. 23]. Plaintiff has now written the Court a letter (one of many), which will be treated, in part, as a motion to reconsider. [Doc. 26]. In this filing, plaintiff maintains that he completed such a statement, sealed it in an envelope, and gave it to a guard to mail before its due date of January 3, 2008, arguing that he has no control over the mail and that he did all that he could do to comply with the Scheduling Order. [Doc. 26, Letter]. The Court agrees that plaintiff does not control mail after he hands it to a jailer.

   Plaintiff further states that legal mail he has received has been opened both in his presence and outside of his presence, suggesting (by implication) that the

envelope containing his Pretrial Narrative Statement was not placed in the institutional mailbox, as he expected, but instead was intercepted by someone. Plaintiff has attached an exhibit to bolster his suggestion—an envelope from the Court, bearing the notation, "Sorry, Opened by Mistake." [Doc. 26, Exh. 2]. The Court will assume, though not actually find, that plaintiff's Pretrial Narrative Statement was timely mailed. However, as explained below, this assumption does not help plaintiff.

Plaintiff has filed a Notice of Change of Address, indicating that he has been moved to the Carter County Detention Center. [Doc. 25]. The sole issue in this lawsuit is plaintiff's claim that defendant jailers at the Washington County Detention Center [WCDC], where he was then housed, refused to permit him to take his Bible and legal paperwork with him when he was transported to prison. For this alleged constitutional violation, plaintiff seeks injunctive and (impliedly) declaratory relief.

A prisoner's request for injunctive or declaratory relief against jail officials cannot be granted once he is transferred from the correctional institution of which he complains to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). Since plaintiff is not imprisoned in the WCDC, it is obvious that he could obtain no benefit from an injunction against WCDC officials or employees. Thus, his claim has become moot, and the case would be subject to dismissal on the basis of mootness. It would be a wasteful of the Court's time and an inefficient use of judicial resources to order this case reopened, only to subsequently dismiss is as moot.

Accordingly, the letter motion to reconsider is **DENIED**. [Doc. 26]. The Court has previously found that an appeal would not be taken in good faith and would be frivolous because plaintiff failed to pursue his case. That finding is reaffirmed because the Court has now concluded that plaintiff's case has been rendered moot by his transfer to another jail. 28 U.S.C. § 1915(a)(3).

However, the mailing of plaintiff's Pretrial Narrative Statement vel non is not the only matter raised in the letter. Plaintiff also indicates that he would like to file an appeal on the grounds that his rights were violated and that he did mail the Court a statement on what happened. Therefore, this part of the letter will be deemed to be a notice of appeal.

A prisoner who files a complaint or appeal in federal court is also required to submit the entire appellate filing fee or file: (1) a motion to proceed *in forma pauperis*, (2) an affidavit listing his assets, and (3) a certified copy of his prison trust account statement reflecting the activity in the account for the six months preceding the filing of the complaint or appeal. Plaintiff has neither paid the required fee of four hundred, fifty five dollars ($455.00) nor submitted the documentation necessary to make a pauper determination.

If, within thirty (30) days of the date of entry of this Order, plaintiff has not submitted the filing fee or taken appropriate steps to seek pauper status on appeal, the Clerk is **DIRECTED** to so inform the Sixth Circuit. Plaintiff is **ADVISED** that,

should this occur, the Sixth Circuit will dismiss the appeal for want of prosecution.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE